UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE UNITED STATES SUGAR )
CORPORATION LITIGATION ) Master File No.:
) 08-80101-CIV-MIDDLEBROOKS
_____ )

## FINAL ORDER AND JUDGMENT

This action came on for a final Fairness Hearing, held on January 21, 2011, on a proposed amended settlement (the "Amended Settlement") of this class action (the "Action") preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Amended Stipulation and Agreement of Settlement dated October 13, 2010 (the "Amended Stipulation") and the Court's order entered on November 10, 2010 [D.E. 256] preliminarily approving the Amended Settlement (the "Preliminary Approval Order").

The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Classes.

The Court hereby approves and confirms the Amended Settlement embodied in the Amended Stipulation as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Amended Stipulation as its Judgment, and orders that the Amended Stipulation shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that the Amended Settlement has been negotiated vigorously and at arm's length by Class Counsel, with the assistance of Bruce Greer as an independent mediator, and further finds that, at all times, Plaintiffs have acted independently and that their interests are

consistent with and not in conflict with the interests of the Classes. The Court further finds that the Amended Settlement arises from a genuine controversy between the Parties and is not the result of collusion nor was the Amended Settlement procured by fraud or misrepresentation.

The Court finds that the ESOP's participation in the Amended Settlement is on terms no less favorable than Plaintiffs and the Classes, and the ESOP does not have any additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Amended Settlement.

The Court determines that the Amended Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the ESOP and its current and former participants. Accordingly, the Court determines that the negotiation and consummation of the Amended Settlement by the ESOP and the Classes do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that, to the extent any of the transactions required by the Amended Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. § 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003). The Court is informed that the Amended Settlement has been reviewed by an Independent Fiduciary on behalf of the ESOP and such Independent Fiduciary has no objection to the final approval of the Amended Settlement.

The Court determines that the notice transmitted to the Classes, pursuant to the Preliminary Approval Order concerning the Amended Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all members of the Classes who could be identified through reasonable efforts. Such notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein,

including the Amended Settlement described in the Amended Stipulation to all persons entitled to such notice, and such notice has fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process. The Court further determines that the Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

The Court hereby approves the maintenance of the Action as a class action pursuant to Fed. R. Civ. P. 23(a) & (b) with the Class being defined as follows:

> The "Shareholder Class" is an opt-out class pursuant to Fed. R. Civ. P. 23(b)(3) consisting of all owners of Class A common stock of U.S. Sugar during the period beginning August 4, 2005 and ending on October 13, 2010, including, but not limited to (1) Evercore Trust Company, N.A. (as successor to Bank of America, N.A., which succeeded U.S. Trust, N.A.) as Trustee for the United States Sugar Corporation Employee Stock Ownership Plan (the "ESOP") with regard to the ESOP's shares and on behalf of the participants to whose accounts such shares have been allocated and (2) the Charles Stewart Mott Foundation. Excluded from the Shareholder Class are William S. White, Ridgway White and John Butler and any trusts in which (1) William S. White is both the trustee and sole beneficiary; (2) Ridgway White is both the trustee and sole beneficiary; or (3) John Butler is both the trustee and sole beneficiary.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior appointment of Lead Counsel and Class Counsel in the Preliminary Approval Order.

The Court hereby dismisses this Action against all Defendants and former Defendants with prejudice on the merits based on the Amended Settlement.

As of the Effective Date and payment of the Amended Settlement Payment into the Settlement Fund (as defined in the Amended Stipulation), the Plaintiffs and Class Members (other than members of the Shareholder Class who have opted out of the Amended Settlement) on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors and assigns, shall release each and all of the Released

Parties from the Released Claims for Additional Settlement Payment (as defined in the Amended Stipulation). All Class Members (as defined in the Amended Stipulation) are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other action(s) in any court asserting any and all Released Claims for Additional Settlement Payment against any and all Released Parties.

As of the Effective Date and payment of the Additional Settlement Payment into the Settlement Fund or Additional Settlement Fund (as defined in the Amended Stipulation), the Plaintiffs and the members of the Shareholder Class (other than members of the Shareholder Class who have opted out of the Amended Settlement) on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors and assigns, shall release each and all of the Released Parties from the Released Claims for Additional Settlement Payment, as defined in the Amended Stipulation. All members of the Shareholder Class (other than members of the Shareholder Class who have opted out of the Amended Settlement) are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other action(s) in any court asserting any and all Released Claims for Additional Settlement Payment against any and all Released Parties.

The attorney's fees sought by Class Counsel in the amount of __30__ % of the Settlement Fund(s) established in this Action are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation, and the fee awards in comparable cases. Accordingly, Class Counsel is hereby awarded attorney's fees of __30__ % of the Settlement Fund established by the Amended Stipulation, not taking into

account the expenses awarded herein. Class Counsel is further awarded attorney's fees of _____% of the Additional Settlement Fund, if and only if such Additional Settlement Fund is established under the terms of the Amended Stipulation. The attorney's fees shall be paid in the first instance to Lead Counsel's Trust Account, with the division between Class Counsel to be made by agreement amongst Class Counsel. All attorney's fees hereby awarded shall be paid in accordance with the applicable provisions of the Amended Stipulation.

The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable. Accordingly Class Counsel is awarded expenses in the amount of $14,194.77, to be paid from the Additional Settlement Fund.

The Plan of Allocation for the Settlement Fund and the Additional Settlement Fund established in the Amended Stipulation is approved as fair, reasonable and adequate.

The Court finds that the payment and distribution of the Additional Settlement Payment(s), as allocated to the ESOP and the Participant Class in the Agreement, is/are a "restorative payment" as defined in IRS Revenue Ruling 2002-45.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Amended Stipulation and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Amended Stipulation and Amended Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

SO ORDERED this 21st day of January, 2011.

Honorable Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record